# **EXHIBIT A**

**(Revised Proposed Order)**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>    as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>    Debtors.[1] | PROMESA<br>Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| AMBAC ASSURANCE CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO; JOSÉ B. CARRIÓN III; ANDREW G. BIGGS; CARLOS M. GARCÍA; ARTHUR J. GONZÁLEZ; JOSÉ R. GONZALEZ; ANA J. MATOSANTOS; DAVID A. SKEEL, JR.,<br><br>    Defendants. | Adv. Proc. No. 20-00068-LTS |

**ORDER AUTHORIZING OFFICIAL COMMITTEE OF
RETIRED EMPLOYEES OF THE COMMONWEALTH
<u>OF PUERTO RICO LEAVE TO INTERVENE</u>**

    WHEREAS, on June 25, 2020, the Official Committee of Retired Employees of Puerto

---

[1] The Debtors in these jointly administered PROMESA title III cases (these "Title III Cases"), along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and ); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5233-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

Rico (the "Retiree Committee") in these Title III Cases filed a motion ("Motion") for entry of an Order authorizing the Retiree Committee to intervene in the above-captioned adversary proceeding (the "Adversary Proceeding"), pursuant to Bankruptcy Code section 1109, made applicable by Section 301 of the Puerto Rico Oversight, Management and Economic Stability Act ("PROMESA"), and Bankruptcy Rule 7024, made applicable by Section 310 of PROMESA;

WHEREAS, on September 22, 2017, the Court of Appeals for the First Circuit held that section 1109(b) provides committees as parties in interest an "unconditional" right to intervene within the meaning of Rule 24(a)(1) of the Federal Rules of Civil Procedure, but that the district court has broad discretion to control and limit the scope of intervention. *Assured Guar. Corp. v. Fin. Oversight & Mgmt. Bd. for the Commonwealth of Puerto Rico (In re the Commonwealth of Puerto Rico)*, 872 F.3d 57, 63 (1st Cir. 2017);

WHEREAS, subsequent to the filing of the Motion, the Retiree Committee has consulted with counsel for the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board") and confirmed the Oversight Board has no objection to the granting of the Motion in part, per the terms of this order;

WHEREAS, the Court finds that (a) the Court has subject matter jurisdiction over this motion pursuant to PROMESA section 306(a), (b) venue is proper pursuant to PROMESA section 307(a), and (c) notice of the Motion given by the Retiree Committee was sufficient under the circumstances and no other or further notice is necessary; and the Court being fully advised of relevant facts and circumstances and having determined that the legal and factual bases set forth in the Motion establish just cause for the relief herein granted; it is hereby:

ORDERED, ADJUDGED, AND DECREED THAT:

1. The Motion is GRANTED IN PART, as set forth herein.

2. The Retiree Committee is authorized, pursuant to Section 1109 of the Bankruptcy Code and Bankruptcy Rule 7024, to intervene as a party in interest in the Adversary Proceeding. The Retiree Committee is authorized to file the brief attached as Exhibit A to the Motion, without prior leave of court, in support of any motion to dismiss filed by the named defendants.

3. The Retiree Committee is entitled to receive and review copies of all pleadings, memoranda, and any other discovery or documents that have been obtained or exchanged in the Adversary Proceeding, subject to any relevant protective order, if any. The Retiree Committee agrees it shall not propound its own written discovery. All responses including documents produced to such discovery shall be shared with the Retiree Committee. The Retiree Committee is entitled to receive notice of all scheduled depositions. The Retiree Committee may attend any depositions and may question witnesses provided that the questioning does not duplicate questioning by other parties. The Retiree Committee shall not notice any depositions, but counsel for the Oversight Board must confer with counsel for the Retiree Committee prior to taking depositions.

4. The Retiree Committee is authorized and empowered to be heard on the merits of any issue in the Adversary Proceeding.

5. For any future motion practice in the Adversary Proceeding, the parties shall confer regarding scheduling as required in this Court's Standing Order and address the scheduling for intervenor pleadings during those conferences. Any proposed schedule submitted to the Court shall include a schedule for intervention briefs, which may be scheduled to be filed after briefs by the original parties so as to avoid duplication and the parties may also propose page limits, if appropriate.

6. The Retiree Committee is not authorized to settle any claims in the Adversary

Proceeding or appeal any settlement thereof, but is allowed to participate in settlement discussions, provided, however, that the Oversight Board is not required to include the Retiree Committee in any and all discussions. The Retiree Committee is further precluded from filing any settlement motion regarding any cause of action in its role as an intervenor under Section 1109. Nothing herein shall affect any right the Retiree Committee may otherwise have to object to any settlement under PROMESA.

7. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2020
      San Juan, Puerto Rico

————————————————
Honorable Laura Taylor Swain
United States District Judge
