# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA Title III<br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO HIGHWAYS AND TRANSPORTATION AUTHORITY,<br><br>Debtor. | PROMESA Title III<br><br>No. 17 BK 3567-LTS |

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801).

| | |
|---|---|
| PEAJE INVESTMENTS LLC,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>PUERTO RICO HIGHWAYS & TRANSPORTATION AUTHORITY, *et al.*,<br><br>　　　　Defendants. | Adv. Proc. No. 17-00151-LTS |
| PEAJE INVESTMENTS LLC,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>PUERTO RICO HIGHWAYS & TRANSPORTATION AUTHORITY, *et al.*,<br><br>　　　　Defendants. | Adv. Proc. No. 17-00152-LTS |
| ASSURED GUARANTY CORP.; ASSURED GUARANTY MUNICIPAL CORP.; and FINANCIAL GUARANTY INSURANCE COMPANY,<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>COMMONWEALTH OF PUERTO RICO; THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO; PUERTO RICO FISCAL AGENCY AND FINANCIAL ADVISORY AUTHORITY; HON. RICARDO ANTONIO ROSSELLÓ NEVARES; GERARDO PORTELA FRANCO; and HON. RAÚL MALDONADO GAUTIER,<br><br>　　　　Defendants. | Adv. Proc. No. 18-00059-LTS |

| | |
|---|---|
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br>as representative of<br>THE COMMONWEALTH OF PUERTO RICO,<br>   Plaintiff,<br>     v.<br>AMBAC ASSURANCE CORPORATION, et al.,<br>   Defendants. | Adv. Proc. No. 20-00003-LTS |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br>as representative of<br>THE COMMONWEALTH OF PUERTO RICO,<br>   Plaintiff,<br>     v.<br>AMBAC ASSURANCE CORPORATION, et al.,<br>   Defendants. | Adv. Proc. No. 20-00004-LTS |
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br>as representative of<br>THE COMMONWEALTH OF PUERTO RICO,<br>   Plaintiff,<br>     v.<br>AMBAC ASSURANCE CORPORATION, et al.,<br>   Defendants. | Adv. Proc. No. 20-00005-LTS |

| | |
|---|---|
| THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO,<br><br>   Plaintiff,<br><br>    v.<br><br>AMBAC ASSURANCE CORPORATION, et al.,<br><br>   Defendants. | Adv. Proc. No. 20-00007-LTS |
| AMBAC ASSURANCE CORPORATION,<br><br>   Plaintiff,<br><br>    v.<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO; JOSÉ B. CARRIÓN III; ANDREW G. BIGGS; CARLOS M. GARCÍA; ARTHUR J. GONZÁLEZ; JOSÉ R. GONZALEZ; ANA J. MATOSANTOS; DAVID A. SKEEL, JR.,<br><br>   Defendants. | Adv. Proc. No. 20-00068-LTS |

**URGENT CONSENTED JOINT MOTION TO STAY CERTAIN
CONTESTED MATTERS AND ADVERSARY PROCEEDINGS**

**To the Honorable United States District Court Judge Laura Taylor Swain:**

Ambac Assurance Corporation ("Ambac"), Financial Guaranty Insurance Company ("FGIC" and, along with Ambac, each a "Settling Creditor"), The Bank of New York Mellon, as trustee for bonds issued by the Puerto Rico Convention Center District Authority ("CCDA") (the "CCDA Trustee"), The Bank of New York Mellon, as fiscal agent for bonds issued by the Puerto Rico Highways and Transportation Authority ("HTA") (the "HTA Fiscal Agent"), U.S. Bank Trust National Association, as trustee for bonds issued by the Puerto Rico Infrastructure Financing Authority ("PRIFA") (the "PRIFA Trustee"), and the Financial Oversight and Management Board for Puerto Rico (the "Board"), on behalf of itself and as sole Title III representative of the Commonwealth of Puerto Rico and HTA pursuant to section 315(b) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA") (collectively, the "Parties"), respectfully submit this urgent consented joint motion to stay certain actions and motions pending in the above-captioned proceedings. Where applicable, the DRA Parties[2] consent to the relief requested herein.

## BACKGROUND

1. At least one or more of the Settling Creditors, the CCDA Trustee, the HTA Fiscal Agent, and the PRIFA Trustee is a party to each of the following matters filed with the Title III Court (collectively, the "Matters"):

    a. Clawback Actions. On January 16, 2020, the Board initiated the following four adversary proceedings against, amongst others, the Settling Creditors (and the applicable trustee or fiscal agent), seeking to disallow claims by holders of bonds

---

[2] The "DRA Parties" are AmeriNational Community Services, LLC (the "Servicer"), as servicer for the GDB Debt Recovery Authority (the "DRA"), and Cantor-Katz Collateral Monitor LLC, which serves as the collateral monitor for Wilmington Trust, N.A. in connection with the new bonds issued by the DRA.

issued by HTA, CCDA, and PRIFA: (i) *The Financial Oversight and Management Board for Puerto Rico v. Ambac Assurance Corporation, et al.*, Adv. Pro. No. 20-00003-LTS, regarding PRIFA bonds; (ii) *The Financial Oversight and Management Board for Puerto Rico v. Ambac Assurance Corporation, et al.*, Adv. Pro. No. 20-00004-LTS, regarding CCDA bonds; (iii) *The Financial Oversight and Management Board for Puerto Rico v. Ambac Assurance Corporation, et al.*, Adv. Pro. No. 20-00005-LTS, regarding HTA bonds (the "CW/HTA Clawback Action"); and (iv) *The Financial Oversight and Management Board for Puerto Rico v. Ambac Assurance Corporation, et al.*, Adv. Pro. No. 20-00007-LTS, regarding HTA bonds, which are currently pending in the Title III Court (collectively, the "Clawback Actions"). The Clawback Actions are currently stayed in part pursuant to the Court's March 10, 2020 *Final Case Management Order for Revenue Bonds* [Dkt. No. 12186].[3]

b. Lift Stay Motions. At least one or more of the Settling Creditors is a party to each of the following motions seeking to lift the automatic stays arising under sections 362 and/or 922 of the Bankruptcy Code (to the extent applicable) with respect to HTA, CCDA, and PRIFA bonds: (i) *Motion of Assured Guaranty Corp., Assured Guaranty Municipal Corp., Ambac Assurance Corporation, National Public Finance Guarantee Corporation, and Financial Guaranty Insurance Company for Relief from the Automatic Stay, or, in the Alternative, Adequate Protection*, filed in the Commonwealth Title III proceeding [Dkt. No. 10102] and in the HTA Title III

---

[3] Unless otherwise indicated, all ECF numbers referenced herein refer to the docket in Case No. 17 BK 3283-LTS.

proceeding [4] [Dkt. No. 673], concerning HTA bonds; (ii) *Ambac Assurance Corporation, Financial Guaranty Insurance Company, Assured Guaranty Corp., Assured Guaranty Municipal Corp., and the Bank of New York Mellon's Motion Concerning Application of the Automatic Stay to the Revenues Securing the CCDA Bonds* [Dkt. No. 10104], concerning CCDA bonds [5]; (iii) *Amended Motion of Ambac Assurance Corporation, Financial Guaranty Insurance Company, Assured Guaranty Corp., Assured Guaranty Municipal Corp., and U.S. Bank Trust National Association, Concerning Application of the Automatic Stay to the Revenues Securing PRIFA Rum Tax Bonds* [Dkt. No. 10602], concerning PRIFA bonds[6]; (iv) *Ambac Assurance Corporation's Motion to Intervene*, Adv. Pro. No. 17-00151-LTS (*Peaje Investments LLC v. Puerto Rico Highways & Transportation Authority, et al.*) [Dkt. No. 58]; and (v) *Ambac Assurance Corporation's Motion to Intervene*, Adv. Pro. No. 17-00152-LTS (*Peaje Investments LLC v. Puerto Rico Highways & Transportation Authority, et al.*) [Dkt. No. 48].

c. Section 926 Motion. On July 17, 2020, Ambac, FGIC, and other HTA bondholders filed a motion seeking the appointment of a trustee for HTA in accordance with 11 U.S.C. § 926, the *Urgent Motion for Bridge Order, and Motion for Appointment as Trustees Under 11 U.S.C. § 926, of Ambac Assurance Corporation, Assured Guaranty Corp., Assured Guaranty Municipal Corp., Financial Guaranty Insurance Company, and National Public Finance Guarantee Corporation*, filed in

---

[4] ECF numbers in connection with the HTA Title III proceeding refer to the docket in case Number 17-3567-LTS.

[5] The CCDA Trustee is a party to the lift stay motion filed at Dkt. No. 10104.

[6] The PRIFA Trustee is a party to the lift stay motion filed at Dkt. No. 10602.

3

    the HTA Title III proceeding [Dkt. No. 871] and the Commonwealth Title III proceeding [Dkt. No. 13708] (the "Section 926 Motion"). A related appeal, *Assured Guaranty Corp., et al. v. Commonwealth of Puerto Rico, et al.*, Case No. 20-1847, was dismissed pursuant to a judgment and a mandate issued by the First Circuit on July 30, 2021, upon a motion by Ambac, FGIC, Assured, and National for voluntary dismissal.

d. Uniformity Litigation. On May 26, 2020, Ambac initiated an adversary proceeding challenging the constitutionality of PROMESA under the Bankruptcy Clause of the U.S. Constitution in *Ambac Assurance Corporation v. The Financial Oversight and Management Board for Puerto Rico, et al.*, Adv. Proc. No. 20-00068-LTS, currently pending in the Title III Court.

e. Discovery Related Actions. In the Commonwealth Title III proceeding, Ambac and/or FGIC filed a number of submissions relating to discovery under Bankruptcy Rule 2004: (i) *Ambac Assurance Corporation's Motion for Entry of Order Authorizing Discovery Under Bankruptcy Rule 2004 Concerning Commonwealth Assets* [Dkt. No. 9022]; (ii) *Ambac Assurance Corporation's Motion for Entry of Order Authorizing Discovery Under Bankruptcy Rule 2004 Concerning Commonwealth Cash Restriction Analysis* [Dkt. No. 9023]; (iii) *Ambac Assurance Corporation's Motion for an Order Directing Cash Rule 2004 Discovery from the Financial Oversight and Management Board for Puerto Rico* [Dkt. No. 15220]; (iv) *Ambac Assurance Corporation's Urgent Motion for Entry of Order Authorizing Third-Party Discovery Under Bankruptcy Rule 2004 Concerning Pension Liabilities* [Dkt. No. 15342]; (v) *Ambac Assurance Corporation's Motion*

4

*for Entry of Order Authorizing Discovery Under Bankruptcy Rule 2004 Concerning Commonwealth Assets* [Dkt. No. 15802]; (vi) *Ambac Assurance Corporation's Urgent Motion to Compel Milliman, Inc. to Comply with Subpoena Issued Pursuant to the Court's January 13, 2021 Order Authorizing Rule 2004 Discovery* [Dkt. No. 16487]; (vii) *Joint Status Report of Ambac Assurance Corporation, the Financial Oversight and Management Board for Puerto Rico, as Sole Representative of the Commonwealth of Puerto Rico, the Official Committee of Retired Employees of the Commonwealth of Puerto Rico Appointed in the Commonwealth's Title III Case, the Official Committee of Unsecured Creditors, and the Puerto Rico Fiscal Agency and Financial Advisory Authority Regarding the Schedule for Litigation Concerning Quantification of Pension-Related Claims Pursuant to the Court's June 22, 2021 Order* [Dkt. No. 17225]; and (viii) *Joint Status Report of Ambac Assurance Corporation and the Financial Oversight and Management Board for Puerto Rico, as Representative of the Commonwealth of Puerto Rico, and the Puerto Rico Fiscal Agency and Financial Advisory Authority Pursuant to the Court's June 21, 2021 Order* [Dkt. No. 17286].

    f. <u>Miscellaneous Litigation</u>.

        i. On February 19, 2020, Ambac filed a complaint in the U.S. District Court for the District of Puerto Rico against Autopistas Metropolitanas de Puerto Rico, LLC ("<u>Metropistas</u>"). On June 16, 2020, the Title III Court entered an order directing Ambac to withdraw its complaint. Ambac withdrew its complaint on June 23, 2020 and noticed an appeal from the Title III Court's order on June 30, 2020. The appeal is pending in the First Circuit (Case

5

Case:20-00068-LTS Doc#:65 Filed:08/02/21 Entered:08/02/21 17:41:46 Desc: Main
Document    Page 10 of 17

No. 20-1657). Ambac and the Board expect to file a joint motion to stay the appeal in the First Circuit.

    ii. Ambac and FGIC are parties to one or more of the following prepetition lawsuits: (i) *Financial Guaranty Insurance Company v. Garcia-Padilla*, Case No. 16-cv-01095 (D.P.R. Jan. 19, 2016); (ii) *Ambac Assurance Corp. v. Commonwealth of Puerto Rico*, Case No. 17-cv-01567 (D.P.R. May 1, 2017); and (iii) *Ambac Assurance Corp. v. Commonwealth of Puerto Rico*, Case No. 17-cv-01568 (D.P.R. May 2, 2017). These prepetition lawsuits have been stayed. [*See* Dkt. No. 543 in Commonwealth Title III proceeding (order staying Case Nos. 16-cv-01095, 17-cv-01567, and 17-cv-01568).]

g. Voting Motions. On July 13, 2021, Ambac filed a motion under Rule 3018(a) of the Federal Rules of Bankruptcy Procedure seeking temporary allowance of its claims against the Commonwealth solely for the purpose of voting on the Plan, in the Commonwealth Title III proceeding [Dkt. No. 17313]. On the same day, FGIC filed its motion (i) asserting the right to vote certain claims pursuant to Section 301 of PROMESA and (ii) seeking temporary allowance of the Clawback Claim for voting purposes [Dkt. No. 17315].

h. Fiscal Plan Adversary. On May 23, 2018, Assured and FGIC filed an adversary complaint seeking, among other things, a declaratory judgment that the Board's April 19, 2018 Certified Fiscal Plan for the Commonwealth of Puerto Rico violated the U.S. Constitution, PROMESA, and the federal Bankruptcy Code, *Assured Guaranty Corp., et al. v. The Commonwealth of Puerto Rico, et al.*, Adv. Pro. No. 18-00059-LTS (the "Fiscal Plan Adversary"). The Fiscal Plan Adversary is

currently stayed pursuant to the Court's March 10, 2020 *Final Order Regarding (A) Stay Period, (B) Mandatory Mediation, and (C) Certain Deadlines Related Thereto* [Dkt. No. 12189].

2. On July 15, 2021, pursuant to separate joinders, Ambac and FGIC joined the HTA/CCDA Related Plan Support Agreement (the "HTA/CCDA PSA"), which had been entered into between the Board and other parties on May 5, 2021, and which relates to the treatment of CCDA bonds and HTA bonds in a plan of adjustment for the Commonwealth and a plan of adjustment to be filed in the HTA Title III case in accordance with the terms and provisions of the HTA/CCDA PSA (the "HTA Plan").

3. On July 27, 2021, the Board, on behalf of the Commonwealth, and Ambac and FGIC entered into the PRIFA Related Plan Support Agreement (the "PRIFA PSA") regarding the treatment of PRIFA bonds in the *Sixth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* (the "Sixth Amended Plan") [Dkt. No. 17516] filed by the Board in accordance with the terms and provisions of the PRIFA PSA.[7] Also on July 27, 2021, pursuant to separate joinders, Ambac and FGIC joined the Amended and Restated Plan Support Agreement (the "GO/PBA PSA"), which had been entered into between the Board and other parties on July 12, 2021, and which relates to general obligation bonds ("GO bonds") issued by the Commonwealth and bonds issued by PBA. The HTA/CCDA PSA, the PRIFA PSA, and the GO/PBA PSA embody agreements to settle disputes related to: (a) certain HTA bonds, CCDA bonds, PRIFA bonds, and GO bonds; and (b) related claims asserted and relief sought in the Matters.

---

[7] On July 30, 2021, the Board filed the *Seventh Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.* (the "Seventh Amended Plan") [Dkt. No. 17627]. The Seventh Amended Plan, as it may be amended, modified, or supplemented, is hereinafter referred to as the "Plan".

7

4. As a result of Ambac's, FGIC's, and the Board's entry into the HTA/CCDA PSA, the PRIFA PSA, and the GO/PBA PSA, the Parties have agreed that the Matters should be stayed pending confirmation of the Plan.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this matter under PROMESA section 306(a), 48 U.S.C. § 2166(a), and venue is proper under PROMESA section 307(a), 48 U.S.C. § 2167(a).

## RELIEF REQUESTED

6. The Parties request that the Court stay and/or continue any existing stay of the Matters[8], with all Parties preserving their rights, claims, arguments, and defenses as they currently exist in the Matters to the extent the underlying claims are not resolved by the confirmation of a plan of adjustment or other order.

7. The Parties further request that, in the event the Plan is not confirmed and made effective; or if an HTA Plan is not confirmed and made effective; or if a plan of adjustment or Title VI qualifying modification for PRIFA contemplated by the PRIFA PSA is not confirmed or made effective; or if a plan of adjustment or Title VI qualifying modification for CCDA, or out-of-court exchange or offering for CCDA bonds, contemplated by the HTA/CCDA PSA is not confirmed, made effective, or effectuated; or if a plan is confirmed that breaches adversely to Ambac or FGIC the economic provisions of the HTA/CCDA PSA, the PRIFA PSA, or the GO/PBA PSA; or if the HTA/CCDA PSA, the PRIFA PSA, or the GO/PBA PSA is terminated before the Plan is confirmed and made effective; or if the HTA/CCDA PSA is terminated prior to

---

[8] As noted above, the DRA Parties consent to the relief sought herein, including but not limited to with respect to the CW/HTA Clawback Action.

8

confirmation of the HTA Plan, then the Parties (or any of them) may seek relief from the stay requested herein by motion to the Court.

8. The requested stays should be granted. To the extent the Plan is confirmed and made effective, the matters sought to be stayed herein will have been resolved. As a matter of judicial economy and Party resources, the Parties should not be required to move forward and actively litigate matters contemplated to be resolved under the HTA/CCDA PSA, the PRIFA PSA, and the GO/PBA PSA. Indeed, this Court stayed many of these same Matters as to Assured and National when those parties requested such relief following their joinder to the HTA/CCDA PSA. (*See* ECF No. 16796.)

## CERTIFICATION

Pursuant to Paragraph I.H of the *Fifteenth Amended Notice, Case Management and Administrative Procedures* (ECF No. 17127-1), the Parties hereby certify that they have carefully examined the matter and concluded that there is a true need for the Urgent Motion; have not created the urgency through any lack of due diligence; and have made reasonable, good-faith efforts to resolve the issues that are being brought to the Court. The Parties jointly seek the relief requested herein, and as noted, where applicable, the DRA Parties consent to the relief sought herein, including but not limited to with respect to the CW/HTA Clawback Action.

Dated: August 2, 2021
San Juan, Puerto Rico

**FERRAIUOLI LLC**

By: /s/ *Roberto Cámara-Fuertes*
    Roberto Cámara-Fuertes (USDC-PR No. 219002)
    Sonia Colón (USDC-PR No. 213809)
    221 Ponce de León Avenue, 5th Floor
    San Juan, PR 00917
    Telephone: (787) 766-7000
    Facsimile: (787) 766-7001
    Email: rcamara@ferraiuoli.com
           scolon@ferraiuoli.com

**MILBANK LLP**

By: /s/ *Atara Miller*
    Dennis F. Dunne (admitted *pro hac vice*)
    Atara Miller (admitted *pro hac vice*)
    Grant R. Mainland (admitted *pro hac vice*)
    John J. Hughes, III (admitted *pro hac vice*)
    Jonathan Ohring (admitted *pro hac vice*)
    55 Hudson Yards
    New York, NY 10001
    Telephone: (212) 530-5000
    Facsimile: (212) 530-5219
    Email: ddunne@milbank.com
          amiller@milbank.com
          gmainland@milbank.com
          jhughes2@milbank.com
          johring@milbank.com

***Attorneys for Ambac Assurance Corporation***

**REXACH & PICÓ, CSP**

By: /s/ *María E. Picó*
    María E. Picó
    (USDC-PR No. 123214)
    802 Ave. Fernández Juncos
    San Juan, PR 00907-4315
    Telephone: (787) 723-8520
    Facsimile: (787) 724-7844
    Email: mpico@rexachpico.com

**BUTLER SNOW LLP**

By: /s/ *Martin A. Sosland*
    Martin A. Sosland (admitted *pro hac vice*)
    2911 Turtle Creek Blvd., Suite 1400
    Dallas, TX 75219
    Telephone: (469) 680-5502
    Facsimile: (469) 680-5501
    Email: martin.sosland@butlersnow.com

    James E. Bailey III (admitted *pro hac vice*)
    Adam M. Langley (admitted *pro hac vice*)
    6075 Poplar Ave., Suite 500
    Memphis, TN 38119
    Telephone: (901) 680-7200
    Facsimile: (901) 680-7201
    Email: jeb.bailey@butlersnow.com
          adam.langley@butlersnow.com

***Attorneys for Financial Guaranty Insurance Company***

**RIVERA, TULLA AND FERRER, LLC**

By: /s/ *Eric A. Tulla*
Eric A. Tulla
(USDC-DPR No. 118313)
Email: etulla@ riveratulla.com
Iris J. Cabrera-Gómez
(USDC-DPR No. 221101)
Email: icabrera@ riveratulla.com
Rivera Tulla & Ferrer Building
50 Quisqueya Street
San Juan, PR 00917-1212
Telephone: (787) 753-0438
Facsimile: (787) 767-5784

**HOGAN LOVELLS US LLP**

By: /s/ *Ronald Silverman*
Ronald Silverman, Esq.
Michael C. Hefter, Esq.
390 Madison Avenue
New York, NY 10017
Telephone: (212) 918-3000
Facsimile: (212) 918-3100
ronald.silverman@hoganlovells.com
michael.hefter@hoganlovells.com

***Attorneys for U.S. Bank Trust National Association, in its Capacity as Trustee to PRIFA Bondholders***

**SEPULVADO, MALDONADO & COURET**

By: /s/ *Albéniz Couret Fuentes*
Albéniz Couret Fuentes
(USDC-PR No. 222207)
304 Ponce de León Ave. Suite 990
San Juan, PR 00918
Telephone: (787) 765-5656
Facsimile: (787) 294-0073
Email: acouret@smclawpr.com

**REED SMITH LLP**

By: /s/ *Jared S. Roach*
Luke A. Sizemore (admitted *pro hac vice)*
Jared S. Roach (admitted *pro hac vice*)
225 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222
Telephone: (412) 288-3131
Facsimile: (412) 288-3063
Email: lsizemore@reedsmith.com
jroach@reedsmith.com

***Attorneys for The Bank of New York Mellon, in its Capacity as Trustee to CCDA Bondholders and as Fiscal Agent to the HTA Bondholders***

11

**O'NEILL & BORGES LLC**

/s/ *Hermann D. Bauer*
Hermann D. Bauer
USDC No. 15205
250 Muñoz Rivera Ave., Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944
Email: hermann.bauer@oneillborges.com

**PROSKAUER ROSE LLP**

/s/ *Michael A. Firestein*
Martin J. Bienenstock
Jeffrey Levitan
Ehud Barak
(Admitted *Pro Hac Vice*)

Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
Fax: (212) 969-2900
Email: mbienenstock@proskauer.com
jlevitan@proskauer.com
ebarak@proskauer.com

Michael A. Firestein
Lary Alan Rappaport
(Admitted *Pro Hac Vice*)
2029 Century Park East
Suite 2400
Los Angeles, CA 90067-3010
Tel: (310) 557-2900
Fax: (310) 557-2193
Email: mfirestein@proskauer.com
lrappaport@proskauer.com

***Attorneys for the Financial
Oversight and Management Board,
as Representative of the Commonwealth***

**CERTIFICATE OF SERVICE**

I hereby certify that on this same date a true and exact copy of this notice was filed with the Clerk of Court using the CM/ECF system, which will notify a copy to counsel of record.

/s/ *Roberto Cámara-Fuertes*
Roberto Cámara-Fuertes (USDC-PR No. 219002)
221 Ponce de León Avenue, 5th Floor
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001
Email: rcamara@ferraiuoli.com

13